| |
|---|
| **Philadelphia Indem. Ins. Co.  v Addison PHS Corp.** |
| 2024 NY Slip Op 31231(U) |
| April 10, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 157533/2021 |
| Judge: David B. Cohen |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. DAVID B. COHEN</u>

*Justice*

PART 58

---------------------------------------------------------------------------------X

PHILADELPHIA INDEMNITY INSURANCE COMPANY AS SUBROGEE OF 220 FIFTH AVENUE LLC,

                          Plaintiff,

- v -

ADDISON PHS CORP., INDIVIDUALLY AND DOING BUSINESS AS ADDISON PLUMBING, ADDISON PLUMBING LLC, NEWGRANGE CONSTRUCTION COMPANY, INC., TEAM ELECTRIC, INC.

                          Defendants.

---------------------------------------------------------------------------------X

| INDEX NO. | 157533/2021 |
|---|---|
| MOTION DATE | 12/12/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 119, 120, 121, 122, 123, 124, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 149, 150, 151, 152

were read on this motion to/for     <u>JUDGMENT - SUMMARY</u>     .

In this property subrogation action, defendant Team Electric, Inc. moves pursuant to CPLR 3212 for an order granting it summary judgment and dismissing all claims against it. Plaintiff and defendants New Grange Construction Company, Inc., Addison PHS Corp., individually and d/b/a Addison Plumbing, and Addison Plumbing LLC oppose.

This action involves a claim for property damage and related loss arising from a leak that occurred on or about September 20, 2020 at 220 Fifth Avenue in Manhattan, allegedly resulting from water discharge from a hot water heater due to improper installation of the heater and related equipment. It is also alleged that the damage would have been minimized if a water sensor or leak detection sensor had been installed with the heater or had worked properly (NYSCEF 95).

**157533/2021   PHILADELPHIA INDEMNITY INSURANCE COMPANY AS SUBROGEE OF 220 FIFTH AVENUE LLC vs. ADDISON PHS CORP., INDIVIDUALLY AND DOING BUSINESS AS ADDISON PLUMBING ET AL**
**Motion No.  002**

**Page 1 of 4**

1 of 4

[* 1]

According to Team, Newgrange was the general contractor for the heater installation project, Addison Plumbing was the subcontractor, and Team was an electrical sub-subcontractor, hired pursuant to a Purchase Order between it and Newgrange. The Order and accompanying emails reflect that the scope of Team's agreed-upon work was the electrical portion of the project, and Team was hired to furnish and install power for the hot water heaters (NYSCEF 108).

Team was also required to follow the Plans for the project. The Conceptual Electrical Plans show that Team was to provide an electrical connection for a leak detection system, and to coordinate its location with the mechanical/plumbing contractor (NYSCEF 109). The Conceptual Plumbing Plans provide that the plumbing contractor was hired to install a water heater/leak detection and automatic water feed shut off system, and to coordinate the electrical requirements with the electrical contractor (NYSCEF 110).

By affidavit, Team's electrical contractor and project manager states, based on his involvement of the project at issue in this action, that Team's scope of work at the project did not include installation of a leak detection system (NYSCEF 107).

Based on the purchase order, the project's plans, and its project manager's affidavit, Team denies that it had a duty to install a leak detection system or that it installed one incorrectly (NYSCEF 95).

Plaintiff contends that triable issues remain as to the actual scope of the work performed by Team, and observes that Addison, in support of Addison's pre-answer motion to dismiss, identified Team as the party responsible for installing the leak detection system (NYSCEF 119).

Newgrange argues that Team's motion is premature, as no Team witness has been deposed yet, and as the project manager has less relevant information than the former foreman on

**157533/2021   PHILADELPHIA INDEMNITY INSURANCE COMPANY AS SUBROGEE OF 220 FIFTH AVENUE LLC vs. ADDISON PHS CORP., INDIVIDUALLY AND DOING BUSINESS AS ADDISON PLUMBING ET AL**
**Motion No.  002**

**Page 2 of 4**

the project, whom the other parties should have a chance to depose. Newgrange also observes that even if Team had no duty to install the leak system, it did have a duty to properly perform the electrical work associated with the system, and that there is a triable issue as to whether Team's electrical work caused or contributed to the leak at issue (NYSCEF 134).

Finally, Addison maintains that the motion is premature, that Team's evidence shows that it had a duty to install the leak detection system, and that Team's denial of that duty establishes that triable issues remain (NYSCEF 131).

In reply, Team again denies that it was hired to install a leak detection system (NYSCEF 140).

A party moving for summary judgment under CPLR 3212 "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The "facts must be viewed in the light most favorable to the non-moving party" (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012] [internal quotation marks and citation omitted]).

Once the moving party has met this prima facie burden, the burden shifts to the non-moving party to furnish evidence in admissible form sufficient to raise a material issue of fact (*Alvarez*, 68 NY2d at 324). The moving party's "[f]ailure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*id.*).

Here, Team's evidence shows that it was hired to install, at a minimum, the electrical portion of the leak detection system. As the cause of the leak at issue has not yet been determined, and as it is alleged that part of the cause was the fact that leak detection system did not work as required, Team fails to demonstrate, prima facie, that it had no duty related to the

**157533/2021   PHILADELPHIA INDEMNITY INSURANCE COMPANY AS SUBROGEE OF 220 FIFTH AVENUE LLC vs. ADDISON PHS CORP., INDIVIDUALLY AND DOING BUSINESS AS ADDISON PLUMBING ET AL**
**Motion No.  002**

**Page 3 of 4**

[* 3]

3 of 4

INDEX NO. 157533/2021

RECEIVED NYSCEF: 04/10/2024

leak detection system or that it did not breach its duty.  Even if it met its burden, the other parties raise triable issues.

Accordingly, it is hereby

ORDERED, that the defendant Team Electric, Inc.'s motion for summary judgment is denied; and it is further

ORDERED, that the parties appear for the previously-scheduled compliance conference on May 21, 2024 at 9:30 am, at 71 Thomas Street, New York, New York.

20240410121114DC0HEN17A2DBD511444B209DB1B358A5440F79

| | |
|---|---|
| **4/10/2024** | |
| **DATE** | **DAVID B. COHEN, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED    ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**157533/2021   PHILADELPHIA INDEMNITY INSURANCE COMPANY AS SUBROGEE OF 220 FIFTH AVENUE LLC vs. ADDISON PHS CORP., INDIVIDUALLY AND DOING BUSINESS AS ADDISON PLUMBING ET AL**
**Motion No.  002**

**Page 4 of 4**

4 of 4

[* 4]